# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| AFFORDABLE COMMUNITIES OF MISSOURI, A California Limited Partnership, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:08-CV-591 CAS ) |
| EF&A CAPITAL CORP., EF&A FUNDING, LLC, and FEDERAL NATIONAL MORTGAGE ASSOCIATION, | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the file. The Eighth Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987). Statutes conferring diversity jurisdiction are to be strictly construed. Sheehan v. Gustafson, 967 F.2d 1214, 1215 (8th Cir. 1992).

In C.T. Carden v. Arkoma Associates, 494 U.S. 185 (1990), the Supreme Court held that for diversity purposes, the citizenship of a limited partnership is the citizenship of each of its partners, both general and limited. Id. at 195-96. See Buckley v. Control Data Corp., 923 F.2d 96, 97 (8th Cir. 1991) (applying Carden). In this case, the plaintiff is a California limited partnership that has filed an action based on diversity jurisdiction. Although the complaint states that plaintiff "is a limited partnership organized and existing under the laws of the State of California, with its principal place of business in Nevada, acting through its general partner 21st Century Communities, Inc., a corporation organized and existing under the laws of the State of California, with its principal place

of business in Nevada," plaintiff does not state the citizenship of each of plaintiff's partners, general and limited. As such, the complaint does not adequately establish the existence of diversity jurisdiction. See Carden, 494 U.S. at 196-96; Fed. R. Civ. P. 8(a) ("A pleading which sets forth a claim for relief shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends"); see also Sanders, 823 F.2d at 216 (discussing pleading requirements to establish diversity jurisdiction).

Additionally, defendant EF&A Funding, LLC is a Michigan limited liability company. The allegations as to the citizenship of this entity are not entirely clear from the face of the complaint. Plaintiff states that "Eichler, Fayne & Associates converted from a partnership in August 1999 to become the defendant Michigan limited liability company EF&A Funding, LLC, with the defendant EF&A Capital Corp. . . . then becoming the managing member of the limited liability company." For limited liability companies, the Court must examine the citizenship of each member of the limited liability company for purposes of diversity jurisdiction. See GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004). The complaint does not state the citizenship of each member of the defendant limited liability company. For this additional reason, the complaint does not adequately establish the existence of diversity jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff shall file an amended complaint by **May 15, 2008**, which shall include statements regarding the citizenship of each of its partners, general and limited, including the state(s) in which any corporate partners are incorporated and have their principal place of business.

**IT IS FURTHER ORDERED** that the amended complaint shall also include statements regarding the citizenship of each member of the defendant limited liability company for purposes of diversity jurisdiction, including the state(s) in which any corporate members are incorporated and have their principal place of business.

**IT IS FURTHER ORDERED** that in the event plaintiff does not timely comply with this Order, this case will be dismissed without prejudice for lack of subject matter jurisdiction.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 1st day of May, 2008.